MINICH & FISHER, Defendants in Error, v. WILLIAM E. HILL, Plaintiff in Error.

Kansas City Court of Appeals, March 26, 1894.

Appellate Practice: AFFIRMANCE. When there is abundant evidence to support the verdict and the instructions are without error, the judgment will be affirmed.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*O. F. Smith* and *A. W. Mullins* for plaintiff in error.

The defendant's fourth instruction, that the plaintiffs were not entitled to recovery, ought to have been

given. 2 Greenl. on Evidence, sec. 613; *Baker v. Railroad*, 52 Mo. App. 602, 607; *Deland v. Vanstone*, 26 Mo. App. 297; *Ireland v. Horseman*, 65 Mo. 513; *Brown v. Hartzell*, 87 Mo. 564; *Pope v. Cordell*, 47 Mo. 251, 252; *Brown v. Carter*, 52 Mo. 46, 48; *More v. Perry*, 61 Mo. 174.

*James C. Wallace* and *Crawley & Son* for defendants in error.

The fourth instruction asked by defendant below, being in the nature of a demurrer to the evidence, was of course overruled. This evidence was amply sufficient to take the case to the jury and their verdict ought not to be disturbed. *Smith v. Grove*, 12 Mo. 51; *Koch v. Branch*, 44 Mo. 542; *Ireland v. Horseman*, 65 Mo. 511; *Allen v. McMonagle*, 77 Mo. 478; *Cook v. Craig*, 18 Mo. App. 401; *Baker v. Railroad*, 52 Mo. App. 602.

ELLISON, J.—This action is based on a petition charging defendant with having taken and converted six hundred and seventy-five railroad ties belonging to plaintiffs. The verdict was for plaintiffs for a part of their claim and defendant appealed.

We can discover no substantial reason for interfering with the judgment in this cause. The points made against the action of the trial court are none of them tenable. There was abundant evidence upon which to base the verdict. It is true that of the ties shown to have been taken by defendant, none were specially designated in the evidence as the ties which belonged to plaintiffs and marked by them. But there was evidence tending to show where plaintiff's ties were piled and evidence further tending to show that defendant took these ties under a claim of having purchased them

of one Reynolds who was indebted to defendant. There, was testimony from more than one witness that defendant himself said that, if plaintiff's ties were located where it was shown they were in fact piled, he got them. The action of the court on the instruction was without error and the judgment will be affirmed. All concur.